## THE MARACAIBO.

### HEALEY v. THE MARACAIBO.

(District Court, S. D. New York. November 5, 1896.)

SEAMEN'S WAGES—OFFSET—ALLEGED SMUGGLING—FINE—SETTLEMENT BEFORE CONSUL.

> Upon a seaman's discharge before the consul at Maracaibo and a settlement of his wages with a month's extra wages included in a written order given to the seaman upon the owners in New York for the payment of the balance due and on suit by the seaman for the nonpayment, a claim to an offset was interposed for an alleged fine of $300, imposed upon the ship for the seaman's alleged smuggling; but the facts, whatever they were, being known to the master prior to the settlement before the consul, and the order for the extra wages being unqualified, and the proofs as to the fine or any payment thereof being doubtful; *held* that the offset should not be allowed.

(Syllabus by the Court.)

Cowen, Wing, Putnam & Burlingham, for libelant.
Coudert Bros., for claimant.

BROWN, District Judge. The settlement made by the master and the agents of the steamship with the libelant at Maracaibo, as regards the wages then due him, the discharge of the libelant by the consul at that port as a part of that settlement, the allowance of a month's extra wages, and the delivery to the seaman of a written order for the amount due him, including the extra wages, and the consul's assurance to the libelant, as testified to,

that the order was as good as gold, seem to me incompatible with the claim which the respondents now put forward, to offset against this order the fine which it is claimed was imposed on the vessel and paid, as it is said, on account of the libelant's smuggling. All the facts in the case relating to the smuggling, it is evident, were known to the master, and to the ship's agents before the settlement referred to. Moreover, there are no entries in the log, such as the Revised Statutes require, to authorize the offset of the fine alleged to have been paid on account of the alleged smuggling; and the omission to make the entry in the log, and to read it to the libelant, was evidently intentional, because inconsistent with the settlement made with the libelant. Nor is there any proof of the payment of any specific sum for the alleged fine. Two depositions were taken at Maracaibo in regard to that subject in behalf of the respondent on direct and cross interrogatories, and the extremely meager answers to the inquiries, the omission of any particulars in regard to the amount paid, and the failure to take or produce any receipt or voucher, are significant omissions. The record of the judicial proceedings in regard to the smuggling shows that the articles smuggled were condemned and confiscated, and sentence passed against the libelant; but I cannot make out that any fine was imposed upon the ship, or the owners; or that anything was to be paid by anybody above what might be realized from the articles condemned to be sold. Under such a state of proofs, it is impossible for me to deny to the seaman a decree for the wages which were due to him, and for which, upon a settlement made with full knowledge of the facts, a written order was given to him that did not intimate on its face any such qualification, or reservations, as would be inconsistent with the consular action at that port.

Decree for the libelant, with costs.